NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SANTOS AYALA-MOLINA, AKA Rene Pena, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-70890 <br><br> Agency No. A095-442-670 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Jose Santos Ayala-Molina, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Ayala-Molina failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

As to withholding of removal, the BIA determined that Ayala-Molina failed to establish past harm rising to the level of persecution. In doing so, the BIA erred by failing to address Ayala-Molina's claim that while in El Salvador Ayala-Molina received threats. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). The BIA also erred by making factual findings in the first instance regarding Ayala-Molina's past persecution claim. *See Rodriguez v. Holder*, 683 F.3d 1164, 1174 (9th Cir. 2012) ("If the BIA wanted specific factual findings on these issues, then the governing regulations required it to remand the case to the IJ instead of making

2

its own factual determinations."); *see also Vitug v. Holder*, 723 F.3d 1056, 1063-64 (9th Cir.2013) (BIA erred in making factual findings about past events in the first instance). Thus, we grant the petition for review and remand Ayala-Molina's withholding of removal claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**